PITTMAN, Judge,
concurring in part and dissenting in part.
I concur in the main opinion to the extent that it affirms the trial court’s judgment declining to award Kala Dollar (“the wife”) a portion of the retirement accounts of Kevin Dollar (“the husband”), but not to the extent that that opinion reverses the trial court’s judgment as to its award of periodic alimony. “[T]he trial court is in the unique position of being able to observe the witnesses firsthand and to evaluate their demeanor and credibility,” and “[b]ecause the trial court is’ in that unique position, its judgment based on ore tenus evidence is presumed correct.” Morris v. Morris, 883 So.2d 1257, 1263 (Ala.Civ.App.2003). Here, there was evidence indicating that the wife had remained able to undertake household chores such as laundry and housekeeping and had repainted the interior and. exterior of the marital home despite her claimed disability; that she had performed volunteer work at a nursing home when she “fe[lt] like it” and that she drove to and from that, location; and that the wife had operated one of the parties’ motor, vehicles at a rate of over 10,000 miles per year during their marriage. Because I believe that the trial court’s periodic-alimony determination is due deference, I respectfully dissent as to the reversal in part; I would also deny the wife’s attorney-fee request.
DONALDSON, J., concurs.